UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN M. KIM,<br><br>                Plaintiff,<br><br>   v.<br><br>ALISA DeSART,<br><br>                Defendant. | Case No. 2:19-cv-01155-RSM<br><br>ORDER GRANTING DEFENDANT ALISA DESART'S MOTION TO DISMISS |

## I.    INTRODUCTION

This matter comes before the Court on Defendant Alisa DeSart's Motion to Dismiss under Rule 12(b)(1) and Rule 12(b)(6). Dkt. #5. For the reasons stated below, the Court GRANTS Defendant DeSart's Motion.

## II.    BACKGROUND

Plaintiff John Kim is a former substitute teacher. Defendant Alisa DeSart is an HR director for the Federal Way School District. Mr. Kim alleges Ms. DeSart, or the District, discriminated against him by terminating his guest teacher job because of his race and national origin. Dkt. #6 at 6. The Complaint states there were two wrongful disciplinary actions, one on

May 9, 2019, and the other on May 23, 2019. Dkt. #1 at 7. Mr. Kim expected to receive investigation results during a meeting on June 25, 2019, instead however, he was banned from working for the entire Federal Way School District as a substitute teacher. Dkt. #1 at 8. Plaintiff stated, "I am concerned that this action was taken against me because my race/national origin, which is Korean." *Id.*

Mr. Kim filed his Complaint in this Court on July 25, 2019. Dkt. #1. Defendant DeSart filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on August 15, 2019. Dkt. #5. Ms. DeSart argues that Mr. Kim failed to allege sufficient facts to support a conclusion that she personally engaged in any racially discriminatory conduct. *Id.* at 5. On August 19, 2019, Mr. Kim filed a response letter to Ms. DeSart's motion to dismiss. Dkt. 6. Ms. DeSart filed a reply to that letter on August 22, 2019. Dkt. #7. Mr. Kim then filed a letter on August 27, 2019 in response to Ms. DeSart's reply. Dkt. #8. The Court has reviewed all of these filings and the entire record.

### III. DISCUSSION

**A. Legal Standard under Rule 12(b)(6)**

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed

allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id.* at 570.

**B. Defendants' Motion to Dismiss under Rule 12(b)(6)**

Ms. DeSart argues that this case must be dismissed because Mr. Kim's Complaint contains no factual allegations supporting his bare assertion that his disciplinary action was motivated by his race or nationality. Dkt. #5 at 4. Ms. DeSart admits to writing a letter on the District's behalf explaining that Mr. Kim would no longer be used as a guest teacher. *Id.* However, Ms. DeSart argues there are no facts supporting a conclusion that she was the decisionmaker in the matter or that she personally engaged in any conduct that could be characterized as racially discriminatory. Dkt. #5 at 5. Ms. DeSart argues Mr. Kim has failed to provide any additional facts in briefing to support the conclusion of racial discrimination as the reason for his disciplinary action. Dkt. #7 at 2.

After reviewing the entire record, the Court agrees with Ms. DeSart. Mr. Kim fails to state a claim in the Complaint. Mr. Kim's statement of claim reads, "I had wrongful disciplinary actions from Federal Way School District." It appears to the Court that Mr. Kim is making a claim under Title VII of the Civil Rights Act of 1964. Under Title VII, it is unlawful for an employer to discharge an individual, or to otherwise discriminate against an individual, because of the person's race, color, religion, sex, or national origin. 42 U.S.C.A. § 2000e-2(a)(1). In a letter attached to his Complaint, addressed to this Court, Mr. Kim states he was disciplined two times by the Federal Way School District and that he was concerned the action of termination was taken against him because of his race. Dkt. #1 at 2. Mr. Kim provides no further facts to support this allegation.

Accepting all facts alleged in the Complaint as true, and making all inferences in the light most favorable to the non-moving party, the Court concludes Mr. Kim's Complaint contains only a conclusory statement of racial discrimination without sufficient factual allegations. There are no factual allegations that support Mr. Kim's belief that the disciplinary actions were because of his race.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). If Mr. Kim is able to allege additional facts to support his claim of racial discrimination on behalf of his employer, he is entitled to amend his claim. The Court finds that Mr. Kim may be able to allege different facts, consistent with the challenged pleading, which could survive dismissal and therefore leave to amend will be granted.

**CONCLUSION**

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion to Dismiss, Dkt. #5, is GRANTED. Mr. Kim's claims are dismissed.

Mr. Kim is granted leave to file an Amended Complaint curing the above-mentioned deficiencies no later than **(30) days** from the date of this Order. Failure to file an Amended Complaint within this time period will result in this case being closed.

DATED this 23 day of September 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE